**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| GEORGE FORTNA, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 06CV016CVE-PJC |
| | ) | |
| QC HOLDINGS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR OBJECTIONS TO**
**MAGISTRATE'S REPORT AND RECOMMENDATIONS**

**COME NOW** defendants, QC Holdings, Inc. and QC Financial Services, Inc., and for their reply in support of their objections to the Magistrate Judge's May 2, 2006 Report and Recommendation, state as follows:

### I.      INTRODUCTION

The scheduling conference conducted by this Court on May 16 resolved some of the objections made by defendants to the Report and Recommendation's overly broad definition of the class. For instance, identification of employees whose claims are barred by the statute of limitations were reduced because defendants will now supply names of employees who were branch managers from May 2, 2003 rather than the January 9, 2003 date selected by the Magistrate Judge in his discovery Order of May 2, 2006. Similarly, the parties were able to agree to an ending date of March 19, 2006 because, consistent with its settlement with the Department of Labor, QC Financial Services changed the compensation for store managers and now pays overtime even though these employees are exempt. See, Plaintiff's Response, p. 9, n. 2. Even with these improvements, however, the class definition remains overly broad and should be rejected.

The Report and Recommendation improperly seeks to limit the discretion exercised by the Department of Labor in entering into settlement agreements with employers. This Court should not overturn a DOL-supervised settlement and associated employee waiver. The Secretary's decision to settle is committed to the agency's non-reviewable discretion. The Report and Recommendation's definition of a class that includes hundreds of parties who participated in a DOL-supervised settlement improperly intrudes on the Department of Labor's non-reviewable discretion.

Plaintiff's Response improperly seeks to expand the definition of the class set forth in the Report and Recommendation. Page 14 of the Report and Recommendation held that "the Notice should be sent to 'All persons who were or are employed as a Branch Manager by QC Holdings, Inc. or QC Financial Services, Inc. ("QC") at any time within the three years preceding the present date [the date notice is given].'" Plaintiff's Response, however, seeks to change the class definition to include employees of QC Financial's subsidiaries. Plaintiff's Response, pp. 10-12.

Plaintiff, like defendants, was given 10 days to object to the Report and Recommendation. Report and Recommendation, pp. 14-15; Fed. R. Civ. P. 72(b). Plaintiff, however, chose not to object to the class definition contained in the Report and Recommendation and may not do so now. Further, defendants made no specific objection as to this portion of the Report and Recommendation, and, therefore, plaintiff's attempt to expand the class cannot possibly be a "response" to defendants' objections. Plaintiff's attempt to modify the Report and Recommendation should be summarily denied.

Defendants previously established that plaintiff is not similarly situated to large store managers. Nothing in plaintiff's response addresses the simple fact that full and complete resolution of plaintiff's claims will leave large store managers' claims unresolved. Providing

2

notice, considering "Phase II" analysis and doing discovery will not change this one basic truth. Plaintiff is not similarly situated to large store branch managers. Defendants need not and will not address the issue further.

Finally, if the Court is going to exercise its discretion and facilitate notice to other potential claimants, see, *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169-70 (1989), the Court also has the discretion to consider the adequacy of the class representative. Because the Consent to Sue form (Attachment 2 to the Report and Recommendation) allows potential plaintiffs no option but to choose plaintiff as their sole agent, the Court can consider the wisdom of such appointment. Defendants submitted testimony under penalty of perjury regarding plaintiff's participation in a kick-back scheme. This is not some "arbitrary standard."

## II.     ARGUMENTS AND AUTHORITIES

### A. Settling Parties Should Be Excluded From The Class.

Plaintiff asks this Court to intrude on the Department of Labor's settlement authority by inviting parties who have already settled their claims into this case. As discussed in defendants' Objection, the Department has non-reviewable discretion to enter into settlements. Court intrusion into that process would diminish the DOL's ability to obtain settlements. No employer would participate in a DOL-supervised settlement if the employer cannot obtain peace. This Court should not limit the Department's power by reviewing the DOL's discretion as requested by plaintiff.

Plaintiff bases his argument on affirmative misstatements of the record. For instance, he contends, "there is no indication in the record before the Court that the DOL settlement merely required employees to cash their checks in order to release their claims." Plaintiff's Response, p. 6. Similarly, he claims, "[i]t is unknown whether the settlement with DOL requires that the Form WH-58 be executed or whether the DOL would deem a cashed check as a release of claims in this case." Plaintiff's Response,

p. 8.  The truth is we know exactly what the DOL's position is because the DOL's position is contained in the record.  The DOL does not require execution of the form WH-58; acceptance of the wages (a cashed check) is all the DOL requires.

The form WH-58 generated by the DOL for use as part of the settlement is attached as Exhibit A to the Declaration of Rachael Lipsett which was filed with the Court on March 24, 2006.  As set forth in the Department of Labor's form, "acceptance of back wages due under the Fair Labor Standards Act means that you have given up any right you may have to bring suit for such back wages under Section 16(b) of that Act." (Emphasis supplied).  The DOL's position mirrors the controlling statutory language[1] that conditions waiver on the acceptance of payment.  29 U.S.C. §216(c).  What might be "logical," "the better interpretation," or even the "best reasoning" matters not.  The Department, exercising its non-reviewable discretion, determined that simply cashing the check was enough.  Under *Heckler v. Chaney*, 470 U.S. 821 (1985), the DOL gets the final say on this matter.

Including settling employees in the definition of the class[2] is a futile act.  Plaintiff has proffered no exception that would allow this Court to review the DOL-supervised settlement.  Plaintiff may not subvert the settlement process.

---

[1] Plaintiff suggests he "disagrees . . . with Defendants' assertion that merely cashing a check without executing the DOL Form WH-58 releases their claims." Plaintiff's Response, p. 5, n. 1. It was Congress, however, that passed the statutory language that a waiver occurs if an employee "accept[s] such payment." 29 U.S.C. §216(c). Plaintiff's disagreement is with Congress, not defendants, and as between plaintiff and Congress, Congress controls.

[2] Plaintiff's suggestion that this issue should be left for another day is without merit. Plaintiff is entitled to represent only those who are "similarly situated." 29 U.S.C. §216(b). Obviously, employees who have settled their claims are not similarly situated to plaintiff.

4

### B.  Plaintiff Cannot Object To The Report and Recommendation.

As this Court will recall, there was some confusion as to the scope of the class as defined by the Magistrate Judge.  The Court, correctly, noted that the class to whom notice would be sent included "persons who were or are employed as a Branch Manager by QC Holdings, Inc. or QC Financial Services, Inc."  Branch Managers employed by QC Financial Services of California, Inc., QC Financial Services of Texas, Inc. and QC Financial Services of North Carolina, Inc. are not included in the definition of the class entitled to notice.  Report and Recommendation, p. 14.

Despite the plain language of the Report and Recommendation, plaintiff claims that the Report and Recommendation "included ALL employees of Defendants AND their subsidiaries as members of the putative FLSA Class action."  Plaintiff's Response, p.11.  In fact, plaintiff now seeks to amend the class definition for notice purposes to include all of defendants' direct and indirect subsidiaries.  It is not the class defined in the Report and Recommendation, as this Court previously noted.

The Report and Recommendation specifically provides, "A party wishing to file objections to this Report and Recommendation must do so within ten days after being served with a copy of this Report and Recommendation."  Report and Recommendation, p. 14.  Plaintiff filed no objection to the Report and Recommendation.  Nonetheless, plaintiff now seeks to modify the definition of the class[3] as set forth in that document.  This is, of course, an objection that plaintiff seeks to disguise as a response to defendant's objections.

---

[3]  On the same day the Report and Recommendation regarding conditional certification was issued, the Magistrate Judge also issued a discovery order fully granting plaintiff's request for discovery of the identity of all branch managers employed by defendants and their subsidiaries in the three years prior to the filing of this case.  In short, the Magistrate Judge allowed discovery that was broader than the class for which he recommends certification.  The discovery Order has been held in abeyance by agreement of the parties.

Plaintiff's attempt to expand the class[4] to whom notice should be sent is an improper and untimely objection to the Report and Recommendation. Thus, it should be summarily denied.

### C. Plaintiff Is An Inadequate Class Representative.

Plaintiff asks this Court to approve a Notice to putative class members and a Consent to Sue form that makes plaintiff the sole agent authorized to make virtually every decision on behalf of the class. The Consent to Sue form provides no putative plaintiff a choice as to designating plaintiff as agent, nor does it provide for separate counsel. Given the Court's imprimatur on the Notice, the Court should consider the adequacy of the representative plaintiff.

Defendants have presented the Court with testimony <u>under penalty of perjury</u> regarding plaintiff's participation in a kick-back scheme while he was employed as a Branch Manager. Plaintiff responds with a footnote alleging the accusation is untrue. Plaintiff's Response, p. 12, n. 4. Although plaintiff submitted an affidavit after the sworn testimony regarding the kick-back scheme was filed, plaintiff's "denials" have been limited to "unsupported allegations" made by counsel. Defendants' <u>evidence</u> remains uncontroverted.

Plaintiff and each of the other two witnesses who provided affidavits, Philip Harris and Kelly Jackson, were fired at the same time and an investigation revealed that the three of them worked the kick-back arrangement together. Plaintiff filed this action and Harris filed an EEOC claim as preemptive strikes using the same counsel. Had plaintiff not been caught, there would be no case before this Court.

Finally, plaintiff seeks to minimize scrutiny by suggesting that defendants' objection to a class representative because he participated in a kick-back scheme is some kind of "arbitrary standard." Trustworthiness is not an arbitrary standard nor should it be viewed so lightly. Most

---

[4] QC Financial's subsidiaries are not before this Court, Mr. Fortna has no basis to assert claims against them and personal jurisdiction over these companies is doubtful.


of defendants' current and former employees are honest and trustworthy. Surely they are entitled to be represented by someone with similar traits.

### III.   CONCLUSION

Wherefore, for the foregoing reasons, the Magistrate's Report and Recommendation should be rejected and Plaintiff's Motion for Conditional Collective Action Certification should be denied. In the alternative, the class should be defined to include only persons who are similarly situated to plaintiff and who are entitled to assert claims.

Respectfully submitted,

DOERNER, SAUNDERS, DANIEL
  & ANDERSON, L.L.P.

By  /s/ Michael C. Redman
    Michael C. Redman, OBA No. 13340
    mredman@dsda.com
    Raymond H. Tipton, III, OBA No. 20871
    rtipton@dsda.com
    Suite 500
    320 South Boston Avenue
    Tulsa, Oklahoma 74103-3725
    (918) 582-1211
    Fax:  (918) 591-5398


SEIGFREID, BINGHAM, LEVY
 SELZER & GEE, P.C.

Rachel H. Baker   MO. #42200
rbaker@sblsg.com
David E. Shay    MO.  #37677
dshay@sblsg.com
2800 Commerce Tower
911 Main Street
Kansas City, Missouri 64105
Phone:  816-421-4460
Fax:  816-474-3447
Pro Hac Vice

ATTORNEYS FOR DEFENDANTS

7

Case 4:06-cv-00016-CVE-PJC   Document 54   Filed in USDC ND/OK on 06/02/06   Page 8 of 8

## CERTIFICATE OF SERVICE

  I hereby certify that on June 2, 2006, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

David J. Schaffer
The Schaffer Law Firm, PLLC
Suite 450
406 South Boulder Avenue
Tulsa, Oklahoma 74103

Chris L. Abernathy
The Abernathy Law Firm, P.C.
Suite 411
406 South Boulder Avenue
Tulsa, Oklahoma 74103

        /s/ Michael C. Redman
        Attorney for Defendants