**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| GEORGE F. FORTNA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| QC HOLDINGS, INC. and QC ) | Case No. 06-CV-0016-CVE-PJC |
| FINANCIAL SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## OPINION AND ORDER

On May 2, 2006, United States Magistrate Judge Paul J. Cleary entered a Report and Recommendation (Dkt. # 40) on the Motion for Conditional Collective Acton Certification, Limited Discovery and Authorization to Send Notice of Collective Action (Dkt. ## 15, 16) filed by plaintiff George Fortna ("Fortna"). The magistrate judge found that Fortna satisfied the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., to bring a collective action against an employer. Accordingly, he recommended that the case be conditionally certified as a collective action, the parties be allowed to conduct limited discovery regarding the identity of all putative class members, and a Notice form and Consent to Sue form ("consent forms") be sent to all putative class members.

Defendants filed timely an objection (Dkt. # 44) pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). Rule 72(b) provides that "the district judge to whom the case is assigned shall make a de novo review determination upon the record, or after additional evidence." Accordingly, the Court has conducted a de novo review. To address some of defendants' objections, the Court held a hearing on May 16, 2006. Dkt. # 47.

Fortna worked for defendants, QC Holdings, Inc. and QC Financial Services, Inc. (collectively "QC"), as a branch manager of a payday loan business in Tulsa, Oklahoma. Defendants operate hundreds of payday loan businesses in over twenty states. According to Fortna, defendants required him to work in excess of 40 hours per week without paying him overtime wages as required by the FLSA. 29 U.S.C. § 207. He alleges that defendants improperly classified all of their branch managers as "exempt" from FLSA requirements to avoid paying overtime compensation. Fortna requests conditional certification of a collective action on behalf of himself and other "similarly situated" former and current employees of defendants,[1] limited discovery regarding the identity of all putative class members, and authorization to send consent forms to all class members. Dkt. # 15.

Under the FLSA, courts utilize a two-step approach to determine whether putative class members are "similarly situated." 29 U.S.C. § 216(b). First, the Court must determine whether a collective action should be certified for notice purposes. See Thiessen v. General Electrci Capital Corp., 267 F.3d 1095, 1102 (10th Cir. 2001). For this "conditional certification," the Court "require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." Id. (citation omitted). At the second stage, if defendants move to decertify the collective action after the conclusion of discovery, the Court applies stricter standards to class certification. Id. at 1103. Now at issue is whether Fortna has met the requirements for the initial "conditional certification."

---

[1]   Fortna defines the proposed class as: "All persons who are currently employed or were employed within the United States by Defendant QC Holdings, Inc., QC Financial Services, Inc. or any of their respective subsidiaries, at any time on or after January 11, 2003, and who are or were classified as 'exempt' employees holding the job classification or performing the job functions of 'Branch manager' a/k/a 'Store Manager.'" Dkt. # 15, at 2.

Magistrate Judge Cleary held a hearing on the issue of certification on April 27, 2006. Dkt. # 36. Based on the evidence, the magistrate judge found "that the allegations in the Complaint together with the affidavits of Fortna, Jackson and Harris meet the 'notice-stage' requirement of 'substantial allegations' that the Branch Managers were/are 'victims of a single decision, policy or plan.'" Dkt. # 40, at 7 (quoting Thiessen, 267 F.3d at 1102). Accordingly, he recommended that "the Notice should be sent to 'All persons who were or are employed as a Branch Manager by QC Holdings, Inc. or QC Financial Services, Inc. ("QC") at any time within the three years preceding the present date.'" Dkt. # 40, at 14.

In the Report and Recommendation, the magistrate judge countered defendants' arguments that Fortna is an inadequate class representative, that the proposed class is overly broad, that Fortna failed to meet his burden for conditional certification, that the Court should not duplicate QC's self-audit following an investigation by the United States Department of Labor, and that plaintiff's proposed consent forms are defective. See Dkt. # 21. Defendants raise the same objections following the filing of the Report and Recommendation. On May 19, 2006, defendants filed counterclaims against Fortna, alleging fraud, conversion, faithless servant, breach of the duty of loyalty, and civil conspiracy. Dkt. # 50. The Court agrees with the magistrate judge that "there is insufficient evidence before the Court to determine the merits of the allegations" against Fortna. Dkt. # 40, at 12. The Court sees no reason to modify or reject the findings and recommendations contained in the thorough Report and Recommendation.

At the May 16, 2006 hearing, the parties agreed that class members would be limited to employees who were branch managers between May 2, 2003 and March 19, 2006. At this hearing, plaintiff requested that the Court authorize the mailing of return envelopes with the consent forms.

Defendants stated that they did not object. Plaintiff also requested that the return envelopes include paid postage, to which defendants did object. In his response to defendants' objection, filed on June 2, 2006, plaintiff did not address the issue of paid postage or present any authority which would entitle him to include paid postage with the consent forms. Dkt. # 54. The Court authorizes plaintiff to mail a return envelope, without paid postage, with his consent forms to all potential class members.

Also, on May 16, 2006, the Court instructed plaintiff to file an amended complaint if he intended to include QC subsidiaries as party defendants. Plaintiff has not done so. The conditional class does not include employees of QC's subsidiaries, as the subsidiaries are not party to this suit. Accordingly, the class members do not include branch managers employed by QC Financial Services of California, Inc., QC Financial Services of Texas, Inc., or QC Financial Services of North Carolina, Inc..

Based upon a careful review of the Report and Recommendation, the objection of defendants, plaintiff's response, and an independent review of the record and the relevant authorities, the Court finds that the Report and Recommendation (Dkt. # 40) is hereby **accepted in part and rejected in part**: it is **accepted** insofar as the Court grants conditional certification of a collective action of persons "similarly situated" to Fortna, orders limited discovery regarding the identity of all putative class members, and authorizes Fortna to mail a Notice and Consent to Sue form with a return envelope to all putative class members; and it is **rejected** insofar as the scope of the class. **The conditional class is: "All persons who were or are employed as a Branch Manager by QC Holdings, Inc. or QC Financial Services, Inc. between May 2, 2003 and March 19, 2006**."

Accordingly, defendants' objection to the Report and Recommendation of Magistrate Judge Cleary (Dkt. # 44) is **overruled** and plaintiff's Motion for Conditional Collective Acton Certification, Limited Discovery and Authorization to Send Notice of Collective Action (Dkt. ## 15, 16) is **granted in part** and **denied in part** as set forth in the preceding paragraph.  The Notice and Consent to Sue forms attached to the Report and Recommendation (Dkt. # 40), as modified herein, are authorized for mailing, along with return envelopes, to the putative class members.

**IT IS SO ORDERED** this 17th day of August, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT