UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GEORGE FORTNA, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 06-CV-0016-CVE-PJC |
| ) | |
| QC HOLDINGS, INC. and QC FINANCIAL ) | |
| SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Now before the Court is the Joint Motion to Approve Settlement Agreement and Release (Dkt. # 57) filed by plaintiff George F. Fortna ("Fortna") and putative plaintiff Kelly Lee Jackson ("Jackson") and defendants QC Holdings, Inc. and QC Financial Services, Inc. The parties ask the Court to decertify the conditional collective action and approve of Settlement Agreement and Release. For the reasons stated below, the Court finds that the motion should be granted.

On January 9, 2006, Fortna filed a complaint on behalf of himself as other similarly situated parties, claiming that defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") by misclassifying his position as exempt from overtime compensation. Dkt. # 2. On August 17, 2006, the Court conditionally certified this matter as a collective action of persons "similarly situated" to Fortuna pursuant to 29 U.S.C. § 216(b). Dkt. # 56, at 4. The Court defined the conditional class as "all persons who were or are employed as a Branch Manager by QC Holdings, Inc. or QC Financial Services, Inc. between May 2, 2003 and March 19, 2006." Id. The Court authorized Fortna "to mail a Notice and Consent to Sue form with a return envelope to all putative class members." Id. Jackson filed a Consent to Sue form on April 5, 2006. Dkt. # 57, ¶

2. Other than Fortna and Jackson, however, there are no other members of the collective action. To date, no notice has been sent. Id., ¶ 4.

In determining whether to decertify the collective action, the Court must first determine whether, given the Court's August 17, 2006 conditional certification order, Fortna was <u>required</u> to send notice to the putative class members. Although § 215(b) has no provision for issuing notice in a collective action, it is well settled that district courts have the power to authorize the FLSA plaintiff to sent notice other potential plaintiffs. See <u>Hoffmann-La Roche, Inc., v. Sperling</u>, 493 U.S. 165 (1989). Here, the Court authorized Fortna to mail a Notice and Consent to Sue form to the putative class members; however, it in no way ordered that such notice be sent.

The fact that the Court conditionally certified the collection on August 17, 2006 does not mean that "all persons who were or are employed as a Branch Manager by QC Holdings, Inc. or QC Financial Services, Inc. between May 2, 2003 and March 19, 2006" automatically became members of the collective action on that date. On the contrary, under § 215(b), "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and consent is filed in the court in which such action is brought." In this way, "§ 216(b) is a fundamentally different creature than the Rule 23 class action." <u>Cameron-Grant v. Maxim Healthcare Servs., Inc.</u>, 347 F.3d 1240, 1248 (11th Cir. 2003). Under Fed. R. Civ. P. 23(b)(3) class actions, class members must affirmatively opt out of the class action. However, under § 215(b), "the action does not become a 'collective' action unless other plaintiffs affirmatively <u>opt into</u> the class by giving written and filed consent." Id. (emphasis added). The fact that the collective action does not exist until class members affirmatively join the action indicates that no putative class members would be affected by a decertification at this juncture. Further, because no notice has been given, in decertifying the

conditional collection action, the Court would not have to go through a process of notifying the class members that they can no longer opt into the collective action. The Court sees no reason, therefore, not to decertify the conditional collective action at the request of the existing and only parties to this action.

The Court also finds that the Settlement Agreement and Release agreed to by Fortna, Jackson, and defendants should be approved. The Settlement Agreement clearly pertains to only those parties and not any other putative members of the collective action. Because the Court decertifies the conditional collective action, and because the Settlement Agreement pertains only to Fortna, Jackson, and defendants, there is no need to determine whether the Settlement Agreement is fair to the other putative class members. The Court therefore finds that the Settlement Agreement and Release should be approved.

**IT IS THEREFORE ORDERED** that the Joint Motion to Approve Settlement Agreement and Release (Dkt. # 57) is **granted**. The Court hereby **decertifies** the conditional collection action in this matter (see Dkt. # 56), and **approves** the Settlement Agreement and Release between George F. Fortna, Kelly Lee Jackson (interested party), QC Holdings, Inc., and QC Financial Services, Inc.

**IT IS FURTHER ORDERED** that the parties shall file a Stipulation of Dismissal no later than **February 2, 2007.**

**DATED** this 26th day of January, 2007.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT